UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| KUSTOM CYCLES, INC., a South Dakota corporation d/b/a KLOCK WERKS KUSTOM CYCLES; BRIAN KLOCK,<br><br>Plaintiffs,<br><br>vs.<br><br>DRAGONFLY CYCLE CONCEPTS, LLC, a California Limited Liability Company; KEVIN MICHAEL MARTIN, individually,<br><br>Defendants. | CIV. 18-5024-JLV<br><br>ORDER |

**INTRODUCTION**

Plaintiffs Kustom Cycles, Inc. ("Klock Werks") and Bryan Klock allege defendants Dragonfly Cycle Concepts, LLC ("Dragonfly") and Kevin Martin infringed upon their patent for a motorcycle windshield. (Docket 1). Defendants failed to answer the complaint and the Clerk of Court entered default against them. (Docket 9). On December 20, 2018, plaintiffs moved for default judgment, seeking the court's order finding defendants infringed the patent, a permanent injunction enjoining defendants from infringing the patent, statutory damages, and attorneys' fees. (Docket 11). Despite receiving service of the pleadings, defendants failed to enter an appearance in this case. For the reasons given below, the court enters default judgment in favor of plaintiffs, enters a permanent injunction, and grants statutory damages and attorneys' fees.

**DISCUSSION**

**I.     Facts**

"Once a default has been entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." Cutcliff v. Reuter, 791 F.3d 875, 882 (8th Cir. 2015). "A defaulted claim thus precludes a party from contesting the facts in the complaint that establish liability." Id. Because defendants defaulted on the patent claim at issue here, the court takes all facts in plaintiffs' complaint establishing liability as true.

In 2009, plaintiff Brian Klock obtained a design patent (Patent No. D586,275) for his motorcycle windshield. (Docket 1-1). Mr. Klock is the founder and CEO of Klock Werks, which has its principal place of business in Mitchell, South Dakota. (Docket 1 at ¶¶ 5, 9). Klock Werks designs, manufactures and sells custom motorcycle parts. Id. at ¶ 5. Klock Werks sells "Flare" windshields, which are the commercialized version of the patented design. Id. at ¶¶ 9, 13.

Defendant Dragonfly manufactures and sells motorcycle parts from its principal place of business in Fullerton, California. Id. at ¶ 7. Defendant Kevin Martin is the sole owner of Dragonfly. Id. Defendants previously sold motorcycle windshields manufactured by Klock Werks, including the Flare windshield, apparently with permission. Id. at ¶¶ 7, 23.

2

However, Dragonfly also manufactures and sells a "Flip-Out" batwing motorcycle windshield which "embod[ies] the design" patented by plaintiffs. Id. at ¶¶ 15-18. The Flip-Out windshield is "virtually indistinguishable" from plaintiffs' Flare windshield. Id. at ¶ 24. Dragonfly sells its Flip-Out windshields in Sturgis, South Dakota, at the annual Sturgis Motorcycle Rally.[1] Id. at ¶ 3. In 2017, a Klock Werks representative purchased a Flip-Out windshield from a Dragonfly staff member in Sturgis. Id. at ¶ 19.

Defendants knew, or reasonably should have known, that the Flare windshield design was patented because they sold the Flare windshield before creating the Flip-Out windshield. Id. at ¶ 25. Defendants have not licensed the patented design or otherwise obtained permission to manufacture windshields embodying that design. Id. at ¶ 39. Because of defendants' actions, plaintiffs suffered "prior and continued financial loss as well as significant harm to [their] goodwill within the motorcycle industry and [their] ability to control the use and commercial exploitation of [their] patented design." Id. at ¶ 27. Defendants' infringement was and is "knowing, intentional, and willful." Id. at ¶ 40.

---

[1] In their complaint, plaintiffs asserted the court has personal jurisdiction over defendants—who are domiciled in California—because of their purposeful availment of the rights, privileges and protections of South Dakota law through their repeated attendance at the Sturgis Motorcycle Rally. (Docket 1 at ¶ 3). Taking the factual allegations in the complaint relating to defendants' sale of the infringing windshield at the Rally as true, the court concludes it may exercise specific jurisdiction over defendants in this action because "the cause of action arise[s] from or relate[s] to [the] defendant[s'] actions within" South Dakota. Wells Dairy, Inc. v. Food Movers Intern., Inc., 607 F.3d 515, 518 (8th Cir. 2010).

## II. Legal Standard

The Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . infringes the patent." 35 U.S.C. § 271(a). "A determination of patent infringement under 35 U.S.C. § 271(a) requires a two step analysis—first, the language of the claim at issue must be interpreted to define its proper scope and, second, the evidence before the court must be examined to ascertain whether the claim has been infringed[.]" Minn. Min. and Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc., 976 F.2d 1559, 1570 (Fed. Cir. 1992).

The court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent[.]" 35 U.S.C. § 283. The Supreme Court set out a "four-factor test" that applies "to disputes arising under the Patent Act":

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

In "exceptional" Patent Act cases, the court "may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

> [A]n "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the

> case-by-case exercise of their discretion, considering the totality of the circumstances.

Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). The moving party in a patent infringement case must establish its "entitlement to fees under § 285 . . . by a preponderance of the evidence standard[.]" Id. at 557.

## III. Analysis

### A. Infringement

Accepting the complaint's factual assertions as true, plaintiffs have shown defendants infringed on their design patent. Defendants are selling a motorcycle windshield, its Flip-Out model, that embodies the design patented by plaintiffs. (Docket 1 at ¶ 38). Defendants do not have permission from the patent holder to sell their own version of the patented design. Id. at ¶ 39. The scope of the patent plaintiffs attached to their complaint, see Docket 1-1, appears to encompass defendants' Flip-Out windshield. See also Docket 1 at pp. 12-13 (comparing photographs of plaintiffs' Flare windshield and defendants' Flip-Out windshield). The court finds defendants' Flip-Out windshield infringes on plaintiffs' design patent.

### B. Injunction

Plaintiffs request a permanent injunction enjoining defendants from infringing their design patent. (Docket 11 at pp. 8-11). The court concludes plaintiffs have met their burden under the eBay factors and grants the injunction.

The first factor requires plaintiffs to show they have suffered an irreparable injury. eBay, 547 U.S. at 391. "The essential attribute of a patent grant is that it provides a right to exclude competitors from infringing the patent. In view of that right, infringement may cause a patentee irreparable harm not remediable by a reasonable royalty." Acumed LLC v. Stryker Corp., 551 F.3d 1323, 1328 (Fed. Cir. 2008). The court concludes plaintiffs have shown irreparable harm to their right to exclusively control the use of their patented motorcycle windshield design. Without an injunction to enforce plaintiffs' exclusivity rights, their patent would become worthless.

The second factor requires plaintiffs to show remedies at law are inadequate to compensate for their injury. eBay, 547 U.S. at 391. "[T]he simple fact that one could, if pressed, compute a money damages award does not always preclude a finding of irreparable harm[.]" Celsis In Vitro, Inc. v. CellzDirect, Inc., 664 F.3d 922, 930 (Fed. Cir. 2012). Here, the court cannot determine with any specificity the amount of money which would compensate plaintiffs for the infringement because defendants did not appear in this case. See Docket 11 at p. 11 (plaintiffs explaining they do not know defendants' "infringing sales or . . . profits" because defendants did not participate in discovery). Resolving this dispute with monetary damages, even if the court could calculate them, would not stop defendants from infringing the patent in the future. The court's inability to ascertain monetary damages, coupled with

the necessity of an injunction to prevent future infringement, show that a legal remedy is inadequate in this case.

The third factor requires plaintiffs to show the balance of hardships tips in their favor. eBay, 547 U.S. at 391. Defendants will not be harmed by an injunction ordering them to cease infringing on plaintiffs' design patent, while plaintiffs suffer continual harm from the loss of their exclusive right over the design occasioned by defendants' infringement. The balance of hardships weighs in plaintiffs' favor.

Finally, the last factor requires plaintiffs to show that granting an injunction would not disserve the public interest. eBay, 547 U.S. at 391. "As a general matter, the public maintains an interest in protecting the rights of patent holders[.]" Smith & Nephew, Inc. v. Synthes (U.S.A.), 466 F. Supp. 2d 978, 985 (W.D. Tenn. 2006). The court finds this factor weighs in favor of an injunction.

Relying on the presumptively true facts in plaintiffs' complaint, the court finds the balance of equities favors entering a permanent injunction.

**C.    Monetary damages**

Plaintiffs request the statutory minimum award of monetary damages for defendants' infringement of their patent. (Docket 11 at pp. 11). They also request the statutory minimum award be trebled to account for defendants' willful infringement. Id. at pp. 11-12. The Patent Act allows patentees to recover "the extent of [the infringer's] total profit" but sets a minimum award of

$250. 35 U.S.C. § 289. The Act also allows the court to treble damages. Id. at § 284.

> Awards of enhanced damages under the Patent Act . . . are not to be meted out in a typical infringement case, but are instead designed as a "punitive" or "vindictive" sanction for egregious infringement behavior. The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate. . . . [S]uch damages are generally reserved for egregious cases of culpable behavior.

Halo Elecs., Inc. v. Pulse Elecs., Inc., 136 S. Ct. 1923, 1932 (2016).

Two factors in the present case support an award of treble damages. First, plaintiffs pled that defendants' infringement was "willful . . . and without any reasonable basis for believing [they] had the right to engage in the infringing conduct." (Docket 1 at ¶ 26). Because the court must take this allegation as true, the willfulness of the infringement weighs in favor of treble damages.

Second, plaintiffs' statutory minimum damages request is unlikely to approximate the full measure of the benefit defendants reaped from their infringement. The court cannot determine the extent of defendants' infringement profits because they refused to participate in this litigation. Circumventing the ability of a fact-finder to determine the extent of the harm by refusing to participate in litigation is "conduct warranting enhanced damages" because it is "deliberate, conscious[]" and "wrongful." Halo Elecs., 136 S. Ct. at 1932.

The court finds the statutory minimum damage award of $250 is appropriate for defendants' infringement and trebles that award to $750 to

account for defendants' willful infringement and refusal to participate in this litigation.

### D. Attorneys' fees and costs

Plaintiffs ask the court to order defendants to pay the attorneys' fees and costs they have incurred in this matter. (Docket 11 at pp. 12-13). Plaintiffs assert they have incurred $30,446.63 in attorneys' fees and $525 in costs.[2] (Dockets 11-2 & 11-5). Citing only to nonbinding district court precedent, plaintiffs argue this case is exceptional and thus merits attorneys' fees because they pled defendants willfully infringed their design patent. (Docket 11 at p. 12).

This court previously rejected the proposition that willful infringement is sufficient to support an award of attorneys' fees under the Lanham Act.[3] Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc., CIV. 11-5052, 2017 WL

---

[2]Plaintiffs request multiple different figures for their total attorneys' fees. Within two adjacent pages of their motion for default judgment, plaintiffs request both $322,282.63 and $31,757.63 in fees. (Docket 11 at pp. 13-14). In attorney T. Earl LeVere's affidavit, he stated the total fees incurred by plaintiffs from his firm was $29,085. (Docket 11-2 at ¶ 8). In calculating the fees described in the hour logs Mr. LeVere attached to his affidavit, the court found only $27,774 in fees. The court added this figure to the $2,672.63 in fees attested by attorney Richard Rylance II to reach the above figure. (Docket 11-5 at ¶ 8). The court (and apparently plaintiffs) did not include in its calculation $3,500 worth of fees attested for Mr. LeVere and another unnamed attorney because no hourly rate was given for the work. (Docket 11-3 at pp. 5-6). Additionally, 3.20 hours of research billed at a rate of $360 per hour was noted on the hour logs as not charged. Id. at pp. 33-34.

[3]Fee requests under the Lanham and Patent Acts are governed by the same standard. See SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (collecting appellate cases applying Octane Fitness Patent Act fees standard to Lanham Act cases).

1052575 at *3-4, aff'd 908 F.3d 313, 346 (8th Cir. 2018). The court instead looked to whether defendants' conduct was unreasonable. Id. at *4; see also Octane Fitness, 572 U.S. at 554 (holding fees may be merited where the "substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated" are exceptional). This standard does not necessarily demand fees be awarded simply because the infringement was willful. Many patent infringement cases involve willful infringement, suggesting a pleading of willfulness does not automatically entitle a plaintiff to attorneys' fees.

However, the "unreasonable manner in which [this] case was litigated" "stands out from others" because defendants refused to appear and defend the action.[4] Octane Fitness, 572 U.S. at 554. The court accordingly finds this case is exceptional and awarding attorneys' fees is appropriate. The question remains whether plaintiffs' requested fees are "reasonable," as required by the Patent Act. 35 U.S.C. § 285.

"In calculating an attorney fee award, a district court usually applies the lodestar method, which provides a presumptively reasonable fee amount, by multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case." Lumen View Tech. LLC v. Findthebest.com, Inc., 811 F.3d 479, 483 (Fed. Cir. 2016) (citing Perdue v. Kenny A. ex rel. Winn, 559

---

[4]Only a prevailing party is entitled to attorneys' fees. 35 U.S.C. § 285. Because the court grants default judgment in their favor, plaintiffs are the prevailing party in this litigation.

U.S. 542, 551, 554 (2010)). Plaintiffs here hired two law firms, Ice Miller LLP, a firm from Columbus, Ohio, and Morgan Theeler LLP, a firm from Mitchell, South Dakota.

Ice Miller asserts that three attorneys, one partner and two associates worked on this case for a total of 65.3 hours, 3.20 hours of which was not charged to the client. (Docket 11-3). The partner, Mr. LaVere, charged 5 hours at a rate of $485 per hour and 41.4 hours at a rate of $505. The associate, Nicole Woods, charged 15.7 hours at a rate of $360 per hour. Mr. LaVere states he has been practicing law since 1994, but does not state he has any particular expertise in patent law. (Docket 11-2 at ¶ 4). MorganTheeler states three attorneys worked a total of 11.7 hours on this case. One attorney, notated as "JT," billed .8 hours at a rate of $245 per hour. (Docket 11-6 at p. 1). The second attorney, notated as "ZF," worked 1 hour at a rate of $185 per hour. Id. Mr. Rylance worked 9.9 hours on this matter at a rate of $215 per hour. Id. at pp. 1-2. Mr. Rylance did not state in his affidavit that he has any particular experience in patent law. (Docket 11-5). Plaintiffs also filed tables from the American Intellectual Property Law Associations 2017 Report of the Economic Survey which state the average private firm partner billing rate in the "other central region"—which apparently includes both Ohio and South Dakota—is between $290 and $593 per hour, with the mean fee at $398 per hour. (Docket 11-1 at p. 3). For associates, the rates range from $218 to $387, with the mean fee at $283.

The court cannot say these fees are unreasonable. Although Ice Miller's rates are at the top end of the averages plaintiffs provided and are high by South Dakota standards—especially for attorneys who conspicuously did not attest to any particular proficiency in patent law—they do not strike the court as per se unreasonable. Nor do the hours logs show any unreasonably duplicative billings that give the court pause. Because defendants failed to appear in this case, the court lacks any opposing argument to bring perspective to plaintiffs' fee request. The court finds fees of $27,774 to Ice Miller and $2,672.63 to Morgan Theeler are reasonable.[5]

**ORDER**

For the reasons given above, it is

ORDERED that plaintiffs' motion for default judgment (Docket 11) is granted.

IT IS FURTHER ORDERED that defendants are immediately and permanently enjoined from directly or indirectly infringing, contributing to the infringement of, or inducing infringement of Patent No. D586,275 including, but not limited to, by making, using, selling or offering for sale the Dragonfly 6.5″ Flip-Out windshield.

---

[5]Ice Miller's billing records are a model of neither clarity nor arithmetic. See Docket 11-3 at pp. 5-6, 18-19, 26-28, 33-34 (neglecting to include hourly rates, committing serious formatting and spelling errors, failing to account for fees not charged to clients). The court calculated the above figure from the provided Ice Miller figures, but notes it does not match any of the various figures Ice Miller provided in its affidavit or briefing.

IT IS FURTHER ORDERED that this permanent injunction is binding upon any of the following persons who receive actual notice of this order: defendants' employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, assigns of either defendant, and all those in active concert with defendants. Defendants are ordered to give actual notice to those listed persons and entities by supplying each with a copy of this order.

IT IS FURTHER ORDERED that statutory damages in the amount of $750 are assessed against defendants, jointly and severally.

IT IS FURTHER ORDERED that attorneys' fees in the amount of $27,774 to Ice Miller LLP and $2,672.63 to Morgan Theeler LLP are assessed against defendants, jointly and severally.

IT IS FURTHER ORDERED that the Clerk of Court shall tax the appropriate costs in this action in favor of plaintiffs pursuant to Civil Local Rule 54.1.

IT IS FURTHER ORDERED that this judgment shall accrue interest, compounded annually, pursuant to 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that defendant Dragonfly Cycle Concepts, LLC and defendant Kevin Michael Martin shall be jointly and severally liable to plaintiffs for this judgment.

Dated July 9, 2019.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE